CAROLYN E. ANDERSCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Andersch v. Commissioner
Docket No. 29840-82.
United States Tax Court
T.C. Memo 1984-258; 1984 Tax Ct. Memo LEXIS 414; 48 T.C.M. (CCH) 98; T.C.M. (RIA) 84258; May 14, 1984. Carolyn E. Andersch, pro se. Richard J. Shipley and Blake W. Ferguson, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $639.90 in petitioner's 1980 Federal income tax. The sole issue is whether petitioner is liable for the tax on self-employment income under sections 1401 and 1402. [1]
The factss have been fully stipulated and are so found. Petitioner Carolyn E. Andersch resided in Kennewick, Wash., when the petition was filed herein. In 1980 petitioner earned $7,900 from services *415 she performed as a self-employed consultant. On her 1980 return she did not compute the self-employment tax on that income nor did she pay such tax when she filed that return. In his notice of deficiency, respondent determined that pursuant to sections 1401 and 1402 petitioner was liable for a tax on her self-employment income in the amount of $639.90. The issue is whether petitioner is liable for the tax on self-employment income with respect to her 1980 taxable year. In support of her contention that she is not so liable, petitioner merely presents a series of contentions regarding the constitutionality of the self-employment tax and the integrity of the "social security system." Since these frivious arguments have been raised and rejected in several previous cases, we summarily reject them here. See ; ; , affd. ; ; , affd. without published *416 opinion . Accordingly, we hold that petitioner is liable for the tax on self-employment income under sections 1401 and 1402. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩